**UNITED STATES DISTRICT COURT**  JS-6
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

Case No.   **CV 16-7384-JFW (ASx)**                                   Date:  November 16, 2016

Title:         Samantha Brown -v- Target Corporation et al

**PRESENT:**

    **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**            **ATTORNEYS PRESENT FOR DEFENDANTS:**
                None                                                                             None

**PROCEEDINGS (IN CHAMBERS):**        **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [filed 11/2/2016; Docket No. 11]**

    On November 2, 2016, Plaintiff Samantha Brown ("Plaintiff") filed a Motion to Remand.  On November 10, 2016, Defendant Target Corporation ("Defendant") filed its Opposition.  The Court finds that additional briefing is not necessary, and, pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, finds that this matter is appropriate for decision without oral argument.  The hearing calendared for December 5, 2016 is hereby vacated and the matter taken off calendar. After considering the moving and opposing papers, and the arguments therein, the Court rules as follows:

**I.**   **FACTUAL AND PROCEDURAL BACKGROUND**

    On May 24, 2014, Plaintiff allegedly slipped and fell as a result of a slippery substance on the floor of Defendant's store in San Pedro, California.  Plaintiff filed a Complaint for Damages for Personal Injury Based on Strict Products Liability and Negligence ("Complaint") against Defendant in Los Angeles County Superior Court on May 12, 2016, alleging that she suffered injuries "to her health" and "to her nervous system and person, all of which injuries caused and continue to cause Plaintiff great mental, physical, and nervous pain and suffering."  Complaint at ¶ 10.  Plaintiff also alleges that "said injuries will result in permanent disability to Plaintiff" and that "Plaintiff has incurred and will in the future incur surgery, x-rays and other medical and sundry expenses in the examinations, care and treatment of Plaintiff's injuries."  Complaint at ¶¶ 10, 11.

    Plaintiff personally served her Complaint on Defendant on June 1, 2016, along with a Statement of Damages, which notified Defendant that she claimed:  (1) "[n]on-economic damages consisting of pain and suffering by Plaintiff, SAMANTHA BROWN, and mental distress and shock to said Plaintiff and loss of earning capacity caused by Defendants' conduct . . . in excess of $250,000.00; [and] (2) [e]conomic damages . . . in excess of $250,000, consisting of loss of

earnings to date, past and future medical and related expenses, and loss of future earnings." Statement of Damages [Docket No. 12-2].

On September 16, 2016, Defendant received Plaintiff's responses to Form Interrogatories and Request for Production of Documents, which disclosed paid medical bills in the amount of $28,589.77, lost earnings since the date of the accident, and a claimed future surgery to remove her coccyx. According to Plaintiff's responses to the Form Interrogatories, Plaintiff's claimed injuries include a fractured sacrum, fractured coccyx, injury at L5, sprained wrist, and related pain and suffering.

On October 3, 2016, Defendant filed a Notice of Removal of Action Under 28 U.S.C. § 1441(b) ("Notice of Removal"), alleging that this Court has diversity jurisdiction over this action under 28 U.S.C. § 1332(a).  Plaintiff moves to remand on the grounds that Defendant failed to file its Notice of Removal "within 30 days after receipt by the defendant of an . . . other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(c).   Plaintiff argues that Defendant could ascertain that this case was removable upon receipt of her Statement of Damages, whereas Defendant argues that it could not ascertain that this case was removable until receipt of Plaintiff's responses to Form Interrogatories and Request for Production of Documents.

## II.     LEGAL STANDARD

A motion to remand is the proper procedure for challenging removal.  *See N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir.1995).  The removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992); *see also Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir.1999).  Consequently, if a plaintiff challenges the defendant's removal of a case, the defendant bears the burden of establishing the propriety of the removal.  *See Gaus*, 980 F.2d at 566; *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir.1996) (citations and quotations omitted) ("Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."*).*

 Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986).  Generally, a defendant may remove a civil action filed in state court to federal court if the federal court has original jurisdiction over the action.  28 U.S.C. § 1441(a). The parties do not dispute that this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), i.e., that (1) all plaintiffs are of different citizenship than all defendants, and (2) the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332(a).

However, to remove an action from state to federal court, a defendant must also comply with the procedural requirements for removal.  Pursuant to 28 U.S.C. § 1446(b), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such an action or proceeding is based . . . ." 28 U.S.C. § 1446(b)(1). "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after

receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Although "the statutory time limit for removal petitions is merely a formal and modal requirement and is not jurisdictional," it "is mandatory and a timely objection to a late petition will defeat removal."[1] *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980).

### III. DISCUSSION

The Court concludes that Defendant failed to file its Notice of Removal "within 30 days after receipt by the defendant of an . . . other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(c). Specifically, the Court concludes that Defendant could easily ascertain that the amount in controversy exceeded $75,000 from Plaintiff's Statement of Damages, served on June 1, 2016, which notified Defendant that she claimed economic damages in excess of $250,000 and non-economic damages in excess of $250,000. *See, e.g., Cleveland v. West Ridge Academy*, 2015 WL 164592, at *5 (E.D. Cal. Jan. 13, 2015) (concluding that the thirty-day removal period was triggered by Plaintiff's Statement of Damages); *Jaback v. American Baker Co.*, 2013 WL 12121126, at *3 (W.D. Wash. Aug. 29. 2013) (holding that "the 30-day removal window in this case opened when [the defendant] received [Plaintiff's] statement of damages"); *Mix v. Allstate Ins. Co.*, 2000 WL 1449880, at *2 (C.D. Cal. Apr. 19, 2000) ("Plaintiff's Statement of Damage was the first writing establishing that plaintiff was seeking damages in excess of $75,000."). Because Defendant did not file its Notice of Removal until October 3, 2016, more than thirty days after it received Plaintiff's Statement of Damages, this action must be remanded.

The Court rejects Defendant's argument that it could not determine whether Plaintiff's Statement of Damages reflected a "reasonable estimate" of the amount in controversy until it received Plaintiff's responses to the Form Interrogatories and Request for Production of Documents. Indeed, Plaintiff's Complaint had already placed Defendant on notice that her "injuries will result in permanent disability to Plaintiff" and that "Plaintiff has incurred and will in the future incur surgery, x-rays and other medical and sundry expenses in the examinations, care and treatment of Plaintiff's injuries." Complaint at ¶¶ 10, 11. Plaintiff's Complaint also advised Defendant that she suffered injuries "to her health" and "to her nervous system and person, all of which injuries caused and continue to cause Plaintiff great mental, physical, and nervous pain and suffering." Complaint at ¶ 10. Those allegations, in combination with Plaintiff's Statement of Damages, were more than sufficient for Defendant to ascertain that the case was removable and for Defendant to meet its burden to establish by a preponderance of the evidence that the amount in controversy exceeded $75,000.

### IV. CONCLUSION

---

[1]Plaintiff's Motion to Remand is timely because it was filed within 30 days after Defendant filed its Notice of Removal. *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).").

     For the foregoing reasons, Plaintiff's Motion to Remand is **GRANTED**, and this action is **REMANDED** to Los Angeles County Superior Court.  Plaintiff's request for attorneys' fees and costs is **DENIED**.

     IT IS SO ORDERED.